UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-5448 PA<br>CR 22-593 PA | Date | July 3, 2024 |
|---|---|---|---|
| Title | Anthony David Flores v. Warden | | |

| Present: The Honorable | PERCY ANDERSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     IN CHAMBERS – ORDER

　　The Court is in receipt of a filing entitled "Allocution of Anthony David Flores & Declaration and Statement of Facts Under Title 28 Section 1746 Penalty of Perjury" filed by Petitioner Anthony David Flores ("Petitioner"). (Docket No. 1 in Case No. CV 24-5448). Petitioner alleges that he received ineffective assistance of counsel in his criminal case (Case No. CR 22-593). On October 19, 2023, Petitioner pled guilty plea pursuant to a Plea Agreement. On June 17, 2024, Petitioner was sentenced. On June 24, 2024, Petitioner filed a Notice of Appeal. Petitioner's direct appeal remains pending before the Ninth Circuit Court of Appeals (Case No. 24-3881).

　　Whether the Court construes Petitioner's filing as a writ of habeas corpus pursuant to 28 U.S.C. § 2241, or a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, the filing is premature. The Ninth Circuit has held that "'[e]xcept under most unusual circumstances . . . no defendant in a federal criminal prosecution is entitled to have a direct appeal and a section 2255 proceeding considered simultaneously in an effort to overturn the conviction and sentence.'" Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988) (quoting Jack v. United States, 435 F.2d 317, 318 (9th Cir. 1970)); see also United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (holding that a petitioner may not simultaneously pursue a direct appeal and a section 2241 petition on the same grounds). There are no unusual circumstances present in this case that would trigger an exception to the usual practice that "[f]ederal prisoners must exhaust their federal appellate review prior to filing a habeas corpus petition in the district court." Feldman v. Henman, 815 F.2d 1318, 1321 (9th Cir. 1987); see also Pirro, 104 F.3d at 299 ("[A] district court's delay in considering a section 2255 motion until direct appeals are resolved does not make the section 2255 motion inadequate or ineffective and therefore does not entitle the defendant prematurely to pursue a section 2241 habeas petition."). "[U]ntil direct appellate review is exhausted the district court may not entertain a motion for habeas relief." United States v. LaFromboise, 427 F.3d 680, 686 (9th Cir. 2005).

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-5448 PA<br>CR 22-593 PA | Date | July 3, 2024 |
|---|---|---|---|
| Title | Anthony David Flores v. Warden | | |

    Because Petitioner has not exhausted his direct appellate review, this Court cannot entertain his section 2241 petition or his section 2255 motion. Accordingly, the Court dismisses the filing without prejudice to Petitioner refiling it once his direct appeal is exhausted.

    IT IS SO ORDERED.